**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Myrna de Jesus, | No. CV-25-02169-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Dignity Health Corporation, | |
| Defendant. | |

Before the Court is Plaintiff Myrna de Jesus' Complaint (Doc. 1) and Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2).

**I.    IFP APPLICATION**

A party may file a lawsuit without paying the filing fee if the Court grants leave to proceed in forma pauperis ("IFP"). 28 U.S.C. § 1915. De Jesus' Application shows that she does not have sufficient funds to pay the filing fee. The Court will grant her request to proceed IFP. (Doc. 2.)

**II.    STATUTORY SCREENING OF IFP COMPLAINTS**

The Court must screen complaints brought IFP. 28 U.S.C. § 1915(e)(2). The Court must dismiss the complaint if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2)(B).

"A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without

merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987). The doctrine of res judicata bars the re-litigation of "any claims that were raised or could have been raised" in a prior action. *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (citation omitted). The court can raise and consider res judicata sua sponte. *See Clements v. Airport Auth. of Washoe Cnty.*, 69 F.3d 321, 329 (9th Cir. 1995).

Subsequent claims are barred on res judicata grounds when "the earlier suit . . . (1) involved the same claim or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies." *Sidhu v. Flecto Co. Inc.*, 279 F.3d 896, 900 (9th Cir. 2002) (citation modified). To assess whether two actions involve the same claim, courts consider whether the two suits arise out of a common nucleus of operative fact. *Brownback v. King*, 592 U.S. 209, 215 n.3 (2021); *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005).

The Court has reviewed De Jesus' Complaint and concludes that it is barred by the previous litigation in *Myrna de Jesus v. Dignity Health Corp.*, No. 2:21-cv-00926-DWL (the "2021 Action"). In the 2021 Action, De Jesus sued Dignity Health for "volitional slander" and "defamation," which led to her "premature" termination. No. 2:21-cv-00926-DWL, ECF 1-3 at 8. The court granted summary judgment in Dignity Health's favor, holding Dignity Health was entitled to the "common interest privilege" which shielded it from liability for defamation. *Id.* ECF 97. Final judgment was entered that same day. *Id.* ECF 98.[*]

Here, De Jesus alleges four state tort law claims for (1) "accessory to breach of employment contract based on race;" (2) "wrongful interference (3rd-party interference with a contract);" (3) "slander per se;" and (4) "gross negligence in the context of termination." (Doc. 1 at 6.) She seeks compensatory and consequential damages in the amount of thirteen million dollars. (*Id.*) Although De Jesus raises new claims in this Complaint not previously alleged in the 2021 Action, res judicata prohibits re-litigating claims that either "were *or could have been* raised in that action." *Rein v. Providian Fin.*

---

[*] De Jesus appealed to the Ninth Circuit, and the Circuit ultimately affirmed the summary judgment order and dismissed her appeal. *Id.* ECF 103.

*Corp.*, 270 F.3d 895, 898-99 (9th Cir. 2001) (emphasis added). And critically, her allegations in both cases arise from a common nucleus of operative fact. In the 2021 Action, De Jesus sued Dignity Health for defamation following a March 2021 incident where De Jesus allegedly called a nurse a "f*****g b***h" and was later fired. No. 2:21-cv-00926-DWL, ECF 97 at 1. Here, Plaintiff alleges "[o]n or about March 1, 2021, . . . Defendant knowingly published multiple false and defamatory statements, including allegations that Plaintiff had screamed profanities and acted in a hostile manner . . . ."(Doc. 1 at 5.) Given the above, the Court finds that the two suits arise from the same series of events and operative facts. Therefore, the "same claim or cause of action" criterion is satisfied.

As previously noted, the court granted summary judgment in favor of Dignity Health in the 2021 Action. This was a final judgment on the merits, satisfying the second element of res judicata. And lastly, the privity requirement is also met because the two actions involve identical parties: De Jesus as the plaintiff and Dignity Health as the defendant. Because this action is barred by res judicata, the Court concludes that De Jesus' Complaint is frivolous and without merit. The Court will dismiss the Complaint with prejudice and close this case.

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's Application to Proceed In Forma Pauperis (Doc. 2) is granted.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint (Doc. 1) is dismissed with prejudice as barred by res judicata.

**IT IS FINALLY ORDERED** directing the Clerk of Court to enter final judgment and close this case.

Dated this 21st day of August, 2025.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge