**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Myrna de Jesus, | No. CV-25-02169-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Dignity Health Corporation, | |
| Defendant. | |

Plaintiff seeks relief from the judgment of dismissal entered on August 21, 2025. Plaintiff's Motion, brought under Rule 60(b), Fed. R. Civ. P., argues that dismissal for res judicata was inappropriate because this lawsuit asserts claims against Dignity Health arising after this Court dismissed her claims against Dignity Health in a previously filed lawsuit, No. 2:21-cv-00926-DWL. (Doc. 13) The Court will deny the motion because Plaintiff's complaint, which was properly screened under 28 U.S.C. § 1915, pleaded claims that could have been pursued in her 2021 lawsuit. Thus, there is no mistake nor is there "newly discovered evidence" that supports the complaint. *See* Fed. R. Civ. P. 60(b)(1)-(2).

"Ordinarily, claim preclusion (once referred to as *res judicata*) bars litigation in a *subsequent action* of any claims that were raised or could have been raised in the prior action resulting in a final judgment." *Quinn v. Cardenas*, 256 Ariz. 77, 83 (App. 2023) (citation modified). "[T]he doctrine of res judicata bars the relitigation of all events which occurred prior to entry of judgment, and not just those acts that happened before the complaint was filed." *Monterey Plaza Hotel Ltd. P'ship v. Loc. 483 of Hotel Emps. & Rest.*

*Emps. Union, AFL-CIO*, 215 F.3d 923, 928 (9th Cir. 2000); *Crosby-Garbotz v. Fell ex rel. Pima*, 246 Ariz. 54, 59 (2019) ("Under claim preclusion, a final judgment may preclude later litigation of other causes of action based on the transaction or series of transactions out of which an action arises, considering whether the facts are related in time, space, origin, or motivation." (citation modified)).

The complaint in this case alleges, in part:

> **1. Accessory to Breach of employment contract**
> On or about March 2, 2021 . . . .
>
> . . . .
>
> **3. Slander Per Se**
> On or about March 1, 2021 . . . .
>
> **4. Gross Negligence**
> On March 2, 2021 . . . .

(Doc. 1 at 5)

All these claims indicate that the wrongful conduct occurred on or about the beginning of March 2021. These claims could have, and should have, been asserted in Plaintiff's lawsuit against Dignity Health filed in March 2021. (*See* Doc. 1-3 in No. 2:21-cv-00926-DWL)

Plaintiff's second cause of action, "[w]rongful interference (3rd Party interference with contract)," does not allege a specific date. The allegations in this claim for relief relate to those in the first claim for relief, alleging that the events took place "[o]n or about March 2, 2021." Thus, this claim could have, and should have, been asserted in the prior lawsuit.

As another basis for denying Plaintiff's motion, the Court finds that, as pleaded, all four claims are barred by the applicable statute of limitations. Arizona law imposes a one-year statute of limitations for defamation actions, A.R.S. § 12-541(1), and a two-year statute of limitations for negligence claims, *id*. § 12-542. A one-year statute of limitations applies to actions arising from breach of employment contracts. A.R.S. § 12-541(3); *Worldwide Jet Charter, Inc. v. Toulatos*, 254 Ariz. 331, 336 (App. 2022). And the two-year statute of limitations applies to tortious interference with contract claims. *Ranch Realty,*

*Inc. v. DC Ranch Realty, LLC*, 614 F. Supp. 2d 983, 989 (D. Ariz. 2007). Accordingly, Plaintiff's claims for relief are barred by the applicable statute of limitations.

**IT IS THEREFORE ORDERED** that the Motion for Relief From Judgment Pursuant to Rule 60(b) (Doc. 13) is **DENIED**.

Dated this 2nd day of January, 2026.

Michael T. Liburdi
United States District Judge

- 3 -